UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZITHROMIA LIMITED, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GAZEUS NEGOCIOS DE INTERNET SA, et al.,<br><br>    Defendants. | Case No. 3:17-cv-06475-JD<br><br>**ORDER RE PERSONAL JURISDICTION**<br><br>Re: Dkt. No. 32 |

As alleged in the complaint, plaintiff Zithromia and defendant Gazeus are competing suppliers of mobile games. Consumers buy their products through Google Play, the Apple App Store, and directly from the parties' websites. The gravamen of the complaint is that Gazeus improperly convinced Apple to drop Zithromia's games on the basis of an arbitration award issued in Brazil. *See generally* Dkt. No. 1.

The case has some atypical features. To start, both parties are foreign entities. Zithromia is part of a business group called "FM Games" that has its principal place of business in the Mediterranean island of Cyprus, where it is also legally organized. *Id*. ¶ 7. Gazeus is a Brazilian company located in Rio de Janeiro. *Id*. ¶ 8. Neither party appears to have any physical presence in the United States. Their contacts with the United States, and with California and this judicial district, mainly take the form of internet game sales through Apple and other channels, with occasional visits to trade shows.

Zithromia's claims are not crystal clear. It appears to suggest that Apple acted in response to a "takedown" notice from Gazeus under the Digital Millennial Copyright Act ("DMCA"), which allows an aggrieved copyright owner to provide written notice under penalty of perjury to an internet service provider such as Apple that another entity is infringing or using its copyrighted

1  materials without authorization.  17 U.S.C. § 512(c).  Zithromia does not say this in so many

2  words in the complaint.  Rather, it implies it by alleging a claim under Section 512(f) of the

3  DMCA, which provides a cause of action against a person or entity who has knowingly and

4  materially mispresented infringement in a takedown notice.  *Id*. at § 512(f)(1); *see* Dkt. No. 1 ¶¶

5  43-49.  Zithromia also alleges several common law claims related to the removal.  It does not say

6  what state law provides the rules for those claims.

7      Immediately upon filing the complaint, Zithromia made an ex parte request for a TRO to

8  bar Gazeus from trying to enforce the arbitration award.  Dkt. No. 2.  The request was denied for

9  several reasons, including the failure to show a likelihood of immediate and irreparable harm, or

10 success on the merits.  Dkt. No. 16.  Zithromia also filed a request for alternate service, which was

11 denied because it had not shown that alternate service was warranted by the facts.  Dkt. Nos. 3, 16.

12 Service was eventually effected in March 2018.  Dkt. Nos. 21, 22.

13     Gazeus now contests personal jurisdiction in this Court under Federal Rules of Civil

14 Procedure 12(b)(1) and (2).  Dkt. No. 32.  It initially proposes that the Court should decline to hear

15 the case at all as a matter of "prudential abstention" based on international comity.  *Id*. at 4-5.  The

16 Court has some doubts that such a "voluntary forbearance" is appropriate at this stage of the

17 litigation.  *Mujica v. AirScan Inc.*, 771 F.3d 580, 598 (9th Cir. 2014) (internal quotation omitted).

18 In any event, the question need not be decided now because the existence *vel non* of personal

19 jurisdiction is a threshold matter that must be resolved before turning to other issues.  *Sinochem*

20 *Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007).

21     The governing standards for Gazeus's motion are straightforward.  *See Erickson v.*

22 *Nebraska Mach. Co.*, Case No. 15-cv-01147 JD, 2015 WL 4089849 at *2 (N.D. Cal. July 6,

23 2015).  "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the

24 plaintiff bears the burden of establishing that jurisdiction is proper."  *Boschetto v. Hansing,* 539

25 F.3d 1011, 1015 (9th Cir. 2008).  If the court does not require an evidentiary hearing, a plaintiff

26 need only make a prima facie showing of personal jurisdiction.  *Id.*  Uncontroverted allegations in

27 the complaint must be taken as true, and "[c]onflicts between the parties over statements contained

28 in affidavits must be resolved in the plaintiff's favor."  *Schwarzenegger v. Fred Martin Motor*

*Co.,* 374 F.3d 797, 800 (9th Cir. 2004); *Boschetto,* 539 F.3d at 1015. On the other hand, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation omitted).

Where, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of the state in which it sits. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute, Cal. Code Civ. Proc. § 410.10, is coextensive with the limits of the Constitution's due process clause, so the Court need only ensure that that clause permits its jurisdiction. *Schwarzenegger*, 374 F.3d at 800-01.

Personal jurisdiction comes in two varieties, general and specific, *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984), but Zithromia alleges only specific jurisdiction. Dkt. No. 35 at 8 n.8. To be subject to specific personal jurisdiction:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Of the two tests stated in the first prong, purposeful direction is the one generally used in tort cases, like this one. *Yahoo! Inc. v. La Ligue Contre le Racisme et L'Antisemitisme,* 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc). To establish purposeful direction, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (internal quotation marks omitted).

To resolve the parties' jurisdiction dispute, "a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020 (internal quotation omitted). This is due in large part to a missing evidentiary link connecting Apple's removal of Zithromia's games to a takedown notice or other conduct undertaken by Gazeus in this district. Zithromia seeks to make a prima facie case for specific jurisdiction on general allegations such as Gazeus's business dealings with Apple as an app provider and its "substantial and continuous contacts" with California through trade show

3

appearances and internet sales to California residents. *See* Dkt. No. 1 ¶¶ 10-18; Dkt. No. 35 at 8-9. The problem with these allegations is that they do not comport with the minimum contacts required for specific jurisdiction. As the Supreme Court has held, "for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1781 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Simply alleging, as Zithromia does, that Gazeus has general business dealings with Apple in this district, or makes internet sales to residents here, is not a sufficient affiliation. *Id.* (corporation's general "continuous activity" in forum or "relationship" with a third party there not enough for finding specific jurisdiction) (internal quotations omitted); *see also Erickson*, 2015 WL 4089849 at *4 (general internet presence via a website not sufficient for personal jurisdiction).

What is needed is a demonstration that the lawsuit arises out of Gazeus's contacts with this forum. *Bristol-Myers Squibb*, 137 S.Ct. at 1780. Zithromia alleges subject matter jurisdiction on the basis of a federal question and a copyright dispute, Dkt. No. 1 ¶ 9, and so it needs to show what Gazeus did in this district, if anything, to give rise to Zithromia's claim under Section 512(f) of the DMCA. Zithromia has not made that showing. It has not established that Gazeus sent a DMCA takedown notice to Apple, or had some other contact with Apple with respect to removing Zithromia's games for copyright infringement. In the way of factual allegations, Zithromia says only that Apple "removed [its] applications pursuant to the Arbitration Order." *Id.* ¶ 33. That might explain why Apple acted as it did, but it does not necessarily link Gazeus to a Section 512(f) claim arising in this forum. The wholly conclusory allegation in the body of the Section 512(f) cause of action is no substitute for pleading facts. *Id.* ¶ 44.

While an argument could be made that this is enough to terminate the case for lack of personal jurisdiction, the Court has concluded that limited jurisdictional discovery would better serve the ends of justice. The facts about the dealings, if any, between Gazeus and Apple in connection with Zithromia's games are uniquely in the possession of those entities, with no easy way for Zithromia to uncover them. Consequently, Zithromia will be permitted to serve discovery

4

requests to Gazeus and third parties such as Apple that go solely to the jurisdictional issues discussed in this order. The Court emphasizes that the request should be targeted to evidence meeting the requirements for specific jurisdiction as discussed here. The discovery must be completed by **March 1, 2019.** The stay entered in Dkt. No. 34 otherwise remains in effect.

After the limited discovery is completed, Zithromia should file an amended complaint alleging the facts establishing specific jurisdiction over Gazeus. The amended complaint should be filed by **March 15, 2019.** Gazeus may respond with a renewed motion to dismiss as appropriate. Zithromia's motion for summary judgment, Dkt. No. 45, is terminated without prejudice subject to resubmission if the case goes forward after resolution of the personal jurisdiction issue.

**IT IS SO ORDERED.**

Dated: December 5, 2018

JAMES DONATO
United States District Judge