

2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
T (310) 274-7100 F (310) 275-5697

Lori Sambol Brody
Direct Dial: (424) 202-5525
lbrody@bgrfirm.com

File No. 7680-001

January 28, 2019

**Via ECF System**

Judge James Donato
Judge of the United States District Court
San Francisco Courthouse
Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Franciso, CA 94102

    Re:    <u>Zithromia Limited, et al. v. Gazeus, et al.,</u> Case No. 3:17-cv-06475-JD

Judge Donato:

    Plaintiffs submit this letter pursuant to the Standing Order for Discovery in Civil Cases. A discovery dispute has arisen concerning Defendants' responses to Plaintiffs' Interrogatories and Requests for Production. In compliance with N.D. Local Rule 37 and the Standing Order, counsel met and conferred in person on January 25, 2019.

    The Court, in its December 5, 2018 Order re Personal Jurisdiction (Dkt. No. 63, the "Order") expressly permitted Plaintiffs to serve discovery "targeted to evidence meeting the requirements for specific jurisdiction as discussed" in the Order, e.g., to show the "missing evidentiary link connecting Apple's removal" of Plaintiffs' Apps "to a takedown notice or other conduct undertaken by Gazeus in this district." Pursuant to this Order, Plaintiffs served Defendants with interrogatories and document requests within the scope of the permitted jurisdictional discovery, e.g., Plaintiffs requested production of the arbitration order, communications between the arbitrators and Apple, and documents relating to communications with Apple relating to Plaintiffs or Plaintiffs' Apps. Defendants produced only three documents, including an order sent to Google and Apple concerning two gaming applications that were not Plaintiffs'. Otherwise, Defendants objected to almost all of the discovery requested on the grounds of relevancy and that the information is confidential. *See* Exhibit A.

    Plaintiffs respectfully request that this Court order Defendants to provide all responsive discovery. Plaintiffs' deadline to file an amended complaint is March 15, 2019.

### The Requested Information Is Permitted Under the Order

    Defendants contend that the Requests "seek[] documents unrelated to the jurisdictional

**Browne George Ross LLP**

Judge James Donato
January 28, 2019
Page 2

issues in this case." Defendants' position is that the only permissible discovery under the Order is the take-down notice or other communications between Defendants and Apple in this district, and that no other information is properly called for. Defendants are wrong.

All of the Requests relate to this jurisdictional link, e.g., Defendants' connection with Apple concerning the removal of Plaintiffs' Apps. Plaintiffs, for example, have requested (1) communications between Apple and Defendants relating to Plaintiffs and (2) documents concerning Apple, on the one hand, and Plaintiffs and their Apps, on the other hand. These documents directly relate to the link between Defendants and Apple's removal of the Apps: did Defendants communicate directly to Apple and did they discuss the removal of Plaintiffs' Apps? In addition, Defendants' internal documents that discuss both Apple and Defendants may relate to the jurisdictional link, e.g., Defendants may have discussed strategy as to enforcement of the arbitral order to remove Plaintiffs' Apps from the App Store.

Defendants object on the grounds of relevancy and refuse to produce documents because they do not believe that the documents show jurisdiction. But Defendants cannot limit discovery merely because they do not believe it shows the very issue Plaintiffs are attempting to prove. Defendants have contended that they communicated only with Apple Brasil, not Apple Inc. in California, and therefore no contacts with the forum state exist. But documents filed in the Brazilian Court indicate that Defendants knew that (1) Apple in California was the only entity that could assess whether Plaintiffs' Apps could be taken down under the arbitral order; (2) communications should go directly to Apple in California, not Apple Brasil; and (3) argued that Apple Brasil was the "commercial, logistic, and financial *longa manos*" of Apple Inc.

### There Has Been No Showing that the Documents Are Confidential

The sole authority Defendants cite for the proposition that the requested documents are confidential is Brazilian Civil Procedure Code, Article 189, IV ("Article 189").[1] That section provides that judicial proceedings concerning arbitration are confidential if "they deal with arbitration . . . provided the confidentiality stipulated in the arbitration proceedings is proven before the court."[2] Article 189, however, fails to demonstrate that (1) any judicial documents are confidential due to "confidentiality stipulated in the arbitration proceedings [] proven before the court"; or that (2) any internal documents or communications with Apple are covered by confidentiality concerns. Since Defendants have not and cannot show that all responsive documents are confidential, they must be produced. *See, e.g., Bryant v. Mattel, Inc.*, 2007 WL 5430893, at *6 (C.D.Cal. May 18, 2007); *Malibu Consulting Corp. v. Funair Corp.*, 2007 WL 173668, at * 4 (W.D. Tex. Jan. 18, 2007).

---

[1] The Brazilian Arbitration Agreement between the parties and the arbitrators provides that the proceedings are confidential. *See* Dkt. No. 36-2, Exs. 12 and 13.

[2] www.academia.edu/34625082/Brazilian_Code_of_Civil_Procedure_English_Version_

1192309.1

**Browne George Ross LLP**
Judge James Donato
January 28, 2019
Page 3

### Plaintiffs' Compelling Need for the Documents Outweighs Confidentiality Interests

Even if the requested documents are indeed confidential, the mere fact that they are confidential does not bar production of the documents. *See, e.g. Ovonic Battery Company, Inc. v. Sanyo Electric Co., Ltd.*, 2014 WL 2758756, at *3 (N.D.Cal. June 17, 2014) (Donato, J.) ("'[t]he fact that parties agreed to the confidentiality of certain documents, however, does not alone constitute a compelling reason to seal them'."). Confidential arbitration documents must be produced if (1) they are relevant and (2) "disclosure is necessary for disposing fairly of the cause or for saving costs" or if a "compelling need" exists for the documents. *Arkema Inc. v. Asarco, Inc.*, 2006 WL 1789044, at *3 (W.D. Wa. June 27, 2006); *Contship Containerlines, Ltd. v. PPG Industries, Inc.*, 2003 WL 1948807, at **1-2 (S.D.N.Y. April 23, 2003).

The documents meet this standard in favor of production. Plaintiffs request documents relating to the very incident at issue here – Apple's removal of Plaintiffs' gaming Apps from the App Store. The arbitral order itself is the basis for Plaintiffs' claims. Indeed, the Court has held that, for Plaintiffs to establish this forum's jurisdiction over Defendants, Plaintiffs must obtain evidence to show the "missing evidentiary link connecting Apple's removal" of Plaintiffs' Apps "to a takedown notice or other conduct undertaken by Gazeus in this district." Dkt. No. 63.

Disclosure of this information is essential to dispose fairly of the claims and Plaintiffs have a compelling need for the documents. If Plaintiffs cannot obtain Defendants' documents, Plaintiffs may not be able to show jurisdiction, i.e., the connection between Gazeus and Apple. This necessary evidence is "uniquely in the possession of those entities, with no easy way for [Plaintiff] to uncover them," as this Court has previously recognized. Dkt. No. 63 at 4.

Moreover, Defendants produced only three documents, one of which appears to be an arbitral order, even though Defendants had previously contended that such a document would be confidential. None of the documents appear to be related to Plaintiffs. Defendants cannot use an assertion of confidentiality as both a shield and a sword, releasing confidential information that they believe exonerates them, while shielding other confidential information from scrutiny. *See Rio Tinto PLC v. Vale, S.A.*, 2016 WL 2605754, at *2 (S.D.N.Y. March 25, 2016).

Thus, Plaintiffs respectfully request that this Court order Defendants to provide responses to the Interrogatories and documents responsive to the Document Requests.

Very truly yours,

Lori Sambol Brody
Browne George Ross, LLP, Attorneys for Plaintiffs

cc:     Mark Riera, Akerman LLP, counsel for Defendants (via ECF Filing System)

1192309.1

# EXHIBIT A

550662.1

Without waiving or limiting any of these general objections, and subject to each of these objections, Gazeus responds as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All arbitration awards issued or entered in the BRAZILIAN PROCEEDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 2:**

All orders issued or entered in the BRAZILIAN PROCEEDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable

legal interest.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS with APPLE relating to or concerning the BRAZILIAN PROCEEDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Gazeus will produce responsive, non-privileged documents that it has been able to locate in its custody, possession, or control at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS with APPLE relating to or concerning PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Gazeus objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest. Gazeus will produce responsive, non-privileged documents that it has been able to locate in its custody, possession, or control at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS with APPLE relating to or concerning PLAINTIFFS' APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Gazeus will produce responsive, non-privileged documents that it has been able to locate in its custody, possession, or control at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS relating to, concerning, constituting, or evidencing any COMMUNICATIONS with APPLE relating to or concerning the BRAZILIAN PROCEEDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Gazeus objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest. Gazeus will produce responsive, non-privileged documents that it has been able to locate in its custody, possession, or control at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS relating to, concerning, constituting, or evidencing any COMMUNICATIONS with APPLE relating to or concerning PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS relating to, concerning, constituting, or evidencing any COMMUNICATIONS with APPLE relating to or concerning PLAINTIFFS' APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the

jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS relating to or concerning both APPLE and PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS relating to or concerning both APPLE and PLAINTIFFS' APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus

further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS relating to, concerning, constituting, or evidencing any COMMUNICATIONS between APPLE and the arbitrators in the BRAZILIAN PROCEEDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS relating to, concerning, constituting, or evidencing any COMMUNICATIONS of the arbitrators in the BRAZILIAN PROCEEDINGS relating to or concerning PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d

996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV.  Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS relating to, concerning, constituting, or evidencing any COMMUNICATIONS of the arbitrators in the BRAZILIAN PROCEEDINGS relating to or concerning PLAINTIFFS' APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV.  Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS relating to, concerning, constituting, or evidencing DEFENDANTS' request or direction to the arbitrators in the BRAZILIAN PROCEEDINGS to COMMUNICATE with APPLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not

proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS relating to, concerning, constituting, or evidencing DEFENDANTS' request or direction to the arbitrators in the BRAZILIAN PROCEEDINGS to COMMUNICATE with any third party concerning PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS relating to, concerning, constituting, or evidencing DEFENDANTS' request or direction to the arbitrators in the BRAZILIAN PROCEEDINGS to COMMUNICATE with any third party concerning PLAINTIFFS' APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning, relating to, evidencing, or constituting take-down notices sent under the Digital Millennium Copyright Act concerning or relating to PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS concerning, relating to, evidencing, or constituting take-down notices sent under the Digital Millennium Copyright Act concerning or relating to PLAINTIFFS' APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS relating to or concerning YOUR statement, in the Motion to Dismiss (Dkt. No. 32), that "the court in Brazil issued and served the take down notice."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS relating to or concerning YOUR statement, in the Opposition to the Motion for Partial Summary Judgment (Dkt. No. 47), that "Apple is aware of the 5th Business Court Order and chose not to offer FM Games' mobile games for sale."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS demonstrating how APPLE became aware of or knew about any order or decision made in the BRAZILIAN PROCEEDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest. Gazeus will produce responsive, non-privileged documents that it has been able to locate in its custody, possession, or control at a mutually agreeable time and place.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS identified or referred to in YOUR responses to the First Set of Interrogatories served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

Dated: January 8, 2019                                   **AKERMAN LLP**

By: _/s/ Mark Riera_
Mark Riera
Attorneys for Defendants GAZEUS NEGOCIOS DE INTERNET SA and GAZZAG SERVIÇOS DE INTERNET LTDA