# akerman

Mark Riera

Akerman LLP
601 West Fifth Street
Suite 300
Los Angeles, CA 90071

T: 213 688 9500
F: 213 627 6342

February 14, 2019

Hon. James Donato
United States District Court
450 Golden Gate Avenue, Courtroom 11
San Francisco, CA 94102

Re:   **Zithromia Limited, et al. v. Gazeus Negocios de Internet, S.A., et al.**

Dear Judge Donato:

In accordance with the Court's Order dated January 31, 2019, [Docket 67] Gazeus Games Serviços de Internet, S.A.[1] hereby responds to Zithromia Limited, Antrimia Limited, Showzila Limited, Alizoha Limited, Speakati, Limited, and Parconia Limited dba FM Games's (collectively "FM Games") Discovery Letter of January 28, 2019 [Docket 66].

Gazeus respectfully submits that the only matters that could potentially bear on specific jurisdiction would be communications between Gazeus and Apple, Inc. in the Northern District of California. There are no such documents because Gazeus had no such communications with Apple in the United States concerning FM Games or FM Games's apps.

Documents reflecting Gazeus's internal communications, confidential arbitration materials, and broadly drawn requests seeking "All documents . . . related to or concerning," "evidencing," or otherwise reflecting the foregoing topics exceed the narrow limits the Court permitted and will not support an allegation of specific jurisdiction over Gazeus. The only avenue left for FM Games is to show some material connection between Gazeus's purported "takedown notice" and Apple in the Northern District of California. Gazeus never made a takedown notice and no such connection exists. FM Games's Discovery Motion should be denied.

---

[1] Gazeus Games Serviços de Internet S.A. is successor by merger to defendants Gazeus Negocios de Internet S.A. and Gazzag Serviços de Internet Ltda.

Hon. James Donato
February 14, 2019
Page 2

_____

I.   The Court's Order Narrowly Circumscribed the Scope of Permissible Discovery.

The Court's Order Re Personal Jurisdiction, granting Gazeus's Motion to Dismiss the Complaint, was very clear about the showing necessary to support any allegation of specific jurisdiction:

> "To resolve the parties' jurisdiction dispute 'a more satisfactory showing of the facts is necessary.' Boschetto, 539 F.3d at 1020 (internal quotation omitted)."
>
> * * *
>
> "As the Supreme Court has held, 'for a court to exercise specific jurisdiction over a plaintiff, there must be 'an affiliation between the forum and underlying controversy, principally [an] activity or an occurrence that takes place in the forum state.' Bristol-Meyers Squibb Co. v. Superior Court, 137 S.Ct. 1773, 1781 (2017) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011))."
>
> * * *
>
> "What is needed is a demonstration that the lawsuit arises out of Gazeus's contacts with this forum. Bristol-Myers Squibb, 137 S.Ct. at 1780.
>
> Zithromia alleges subject matter jurisdiction on the basis of a federal question and a copyright dispute, Dkt. No. 1 ¶ 9, and so it needs to show what Gazeus did in this district, if anything, to give rise to Zithromia's claim under Section 512(f) of the DMCA. Zithromia has not made that showing." Order Re Personal Jurisdiction [Docket 63], p. 3, ll. 23-26; p. 4, ll. 3-7, 13-17.

The Court allowed Zithromia limited discovery and "emphasiz[ed] that the requests should be targeted to evidence meeting the requirement for specific jurisdiction here." Order Re Personal Jurisdiction [Docket 63], p. 5, ll. 2-3.

II.   FM Games's Requests for Production are Not Reasonably Targeted to Meet the Elements of Specific Jurisdiction.

When FM Games sought informal discovery from Gazeus, Gazeus noted that discovery was stayed and that, even where jurisdictional discovery is permitted, it is limited to specific facts bearing directly on jurisdiction. See Declaration of Riera, ¶ 2, Exhibit "A" (letter dated November 30, 2018, to Keith Wesley, citing Gillespie v. Prestige Royal Liquors, 183 F.Supp.3d

Hon. James Donato
February 14, 2019
Page 3

996 (N.D. Cal. 2016). The Court similarly admonished FM Games that its jurisdictional discovery requests should be targeted to discover evidence necessary to establish facts that will support specific jurisdiction. See Order Re Personal Jurisdiction [Docket 63], p. 5, ll. 2-3.

Rather than follow this directive, FM Games served broad-ranging requests for production of documents seeking documents on topics such as "All DOCUMENTS relating to or concerning both APPLE[2] and PLAINTIFFS (see Discovery Letter [Docket 66], Exhibit "A" (Request No. 9)), and "All DOCUMENTS relating to or concerning both APPLE and PLAINTIFFS' APPS (id., Request No. 10). None of the requests is targeted to discover any documents connecting Gazeus's activities in the Northern District potentially giving rise to FM Games's Copyright Act Section 512(f) claim.

Requests Nos. 1 and 2, and 11 through 16 seek information about the arbitration in Brazil, rather than focus on takedown requests to Apple or other acts in the Northern District of California. Leaving aside the impermissible overbreadth and disproportionality of these requests, they seek information and documents that the Brazilian Arbitrators and Fifth Business Court ordered held in confidence, as discussed below.

Requests Nos. 3 through 8 are impermissibly overbroad because they seek all communications with APPLE not limited in any way to a takedown request or an act performed in the Northern District. Nonetheless, Gazeus has responded that it does not have responsive documents in its possession, custody or control. See Declaration of Riera, ¶ 2, Exhibit "B" (Gazeus Supplemental Response to Jurisdictional Document Requests).

Requests Nos. 17 and 18 seek takedown notices sent under the Digital Millennium Copyright Act. Gazeus has no such documents in its possession, custody, or control. See Declaration of Riera, ¶ 2, Exhibit "B" (Gazeus Supplemental Response to Jurisdictional Document Requests). Nevertheless, Gazeus has produced the arbitration orders it has that were directed to third parties. Id.

Requests Nos. 19 through 21 seek documents to support language in pleadings Gazeus filed. The arbitration orders produced show that the Brazilian arbitrators issued the orders requiring removal of FM Games apps. Requests Nos. 20 and 21 concern Apple's awareness of the Brazilian arbitration proceeding. This information comes from declarations Emmanuel Prevost, FM Games's co-founder, signed. For example, Prevost's Declaration in support of FM Games's preliminary injunction motion sets forth FM Games's hearsay e-mail correspondence with Apple about the Fifth Business Court's Order confirming the arbitration order. See Declaration of Prevost [Docket 30-1], ¶¶ 17-20 and Exhibit 11 (FM Games's correspondence with Apple).

---

[2] FM Games defined APPLE broadly to include any person or entity who ever acted or purported to act on Apples behalf.

Hon. James Donato
February 14, 2019
Page 4

---

FM Games produced the arbitration orders that were served on third-parties that were identified in its jurisdictional interrogatory responses in Response to Request No. 22.

III.   Brazilian Law Protects the Confidentiality of Arbitration Proceedings and Related Court Proceedings.

Article 22-C of the Brazilian Arbitration Act provides that arbitration proceedings "shall be held under seal as long as the confidentiality set forth in the arbitration is duly evidenced." See Declaration of Rodrigo Tannuri, ¶ 7 and Exhibit 1 (Certified English translation of Article 22-C of the Brazilian Arbitration Act). Similarly, Article 189 of the Brazilian Civil Procedure Code provides that court proceedings related to an arbitration shall be "held under court seal… as long as the confidentiality set forth in the arbitration is duly evidenced before the Court." Id., Exhibit 2 (Certified English translation of Article 189 of the Brazilian Procedure Code).

The Declaration of Prevost includes a translation of the Arbitration Agreement between Gazeus and its former executive showing that the arbitration is to be "confidential and private within the limits of the law." See Declaration of Prevost [Docket 30-1], Exhibit 9 (Arbitration Agreement p. 147, § 14.3). Moreover, FM Games sought disclosure of the arbitration order that is at the center of this dispute from the 5th Business Court in Brazil that confirmed the arbitration order, and the 5th Business Court ruled that FM Games failed to show a legal interest in the order or that the order affected its rights:

> Regarding the procedure handled with the secrecy of justice, in line with article 189, IV, of the CPC (Civil Process Code), only the parties and their representatives can request the copies of the process and request a certification of the procedural deeds (acts).

> It is correct that a third interested party, that shows its interest, can only request a certification of the sentence if it can demonstrate it has a legal interest for its request.

> But this is not the case. The petitioner [FM Games] referred herein alleges that it is commercializing a game that sells via the "Apple Store" but it does not prove that it has any type of legal relation with the parties involved nor it has proven that its rights have been impaired by this fact.

> On the other hand, Apple Brazil has showed by itself the importance of obedience to the secrecy of justice (pp. 173-177).

> So, I deny the request of the pp. 182-183.

Declaration of Prevost, ¶15, Exhibit 6 (Docket 145-1, p. 80) (5th Business Court Order dated August 29, 2017).

Hon. James Donato
February 14, 2019
Page 5

IV.    Assertions of Need Do Not Overcome Statutory Privacy Protections for Brazilian
        Arbitration Proceedings and Related Court Proceedings.

        FM Games's argument, based on unreported decisions in <u>Malibu Consulting Corp. v.
Funair Corp.</u>, 2007 WL 173668 (W.D. Tex. 2007), and <u>Bryant v. Mattel, Inc.</u>, 2007 WL 5430893
(C.D. Cal. 2007), have no application to this case.  In <u>Malibu Consulting</u>, the court denied a
motion for protective order seeking to avoid production of arbitration documents where an
arbitration protective order limited protection to "confidential information" exchanged between
Funair and Raytheon.  The court denied the requested protective order because Funair failed to
show that any of the documents Malibu Consulting sought were designated "confidential
information" in the arbitration.  <u>Malibu Consulting</u>, 2007 WL at *4.

        Similarly, in <u>Bryant</u>, MGA objected to producing documents from an arbitration
proceeding on grounds a protective order prohibited use of the documents and testimony outside
of the arbitration.  The discovery master overruled the objection and granted Mattel's motion to
compel on grounds MGA failed to provide any evidence of a protective order.  <u>Bryant</u>, 2007 WL
at *5.

        These cases do not stand for the proposition that an assertion of need overcomes a
statutory right to arbitration secrecy as exists here.

V.    Conclusion

        Gazeus has produced the arbitration orders it has that were sent to third parties and are
not subject to an obligation of secrecy.  Gazeus has no documents in its possession, custody, or
control responsive to Requests Nos. 1, 3-11, 14-18 and 21.  <u>See</u> Declaration of Riera, ¶ 2, Exhibit
"B" (Gazeus supplemental response to jurisdictional document requests).

        Requests Nos. 11 through 16 and 20 are confidential and the Brazilian Fifth Business
District Court has determined that FM Games has no legal right to them.  In truth, virtually none
of these document requests will help FM Games to plead a proper case for specific jurisdiction.
FM Games's Motion should be denied.

Respectfully submitted,

Akerman LLP

Mark Riera for Defendant
Gazeus Games Servicos S.A.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZITHROMIA LIMITED; ANTRIMIA LIMITED; SHOZILA LIMITED; ALIZOHA LIMITED; SPEAKATI LIMITED; PARCONIA IMITED dba FM GAMES<br><br>Plaintiffs,<br><br>v.<br><br>GAZEUS NEGOCIOS DE INTERNET SA AND GAZZAG SERVIÇOS DE INTERNET LTDA,<br><br>Defendants. | Case No.  17-cv-06475-JD<br><br>**DECLARATION OF RODRIGO TANNURI** |

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL. (213) 688-9500 – FAX: (213) 627-6342

## DECLARATION OF RODRIGO TANNURI

I, Rodrigo Tannuri, declare and state as follows:

### I.    Background

1.    I am a lawyer in Rio de Janeiro, Brazil, and I represent Gazeus Negocios de Internet SA (now known as Gazeus Games Serviços de Internet S.A.) in the underlying arbitration and related judicial proceedings captioned as *Gazeus Negocios de Internet SA, et. al, v. Guilherme Pereira e Oliveira*, Case No. 0046809-50.2017.8.19.0001, in the Fifth Business Court of Rio de Janeiro, Brazil (the "Brazilian Judicial Proceeding").

2.    I obtained my legal degree from Candido Mendes University in Rio de Janeiro and I also obtained an LLM from Columbia University Law School in New York, where I focused on international arbitration, negotiation and contracts.  Subsequent to obtaining my LLM, I worked at White & Case LLP in the United States in the field of International Arbitration.

3.    I am currently practicing law as a partner with the law firm of Sergio Bermudes Advogados Associados, one of the leading litigation firms in Brazil.

4.    In addition to my professional practice, I lecture and teach on a part-time basis on civil litigation and arbitration at the Pontificate Catholic University of Rio de Janeiro, Candido Mendes

1  University, and the Rio de Janeiro School for Advanced Studies in Legal Practice (Escola Superior de

2  Advocacia).

3      5.      I am also an active member of various legal organizations in Brazil, including the Rio

4  de Janeiro Branch of the Brazilian Bar Association, the Parker School of Foreign and Comparative

5  Law, the American Society of International Law, the Brazilian Commission of Arbitration, the

6  Brazilian Bar Association's Arbitration Commission (Rio de Janeiro section), and the Columbia

7  University Alumni Representative Committee.

8

9  **II.     Brazilian Law Concerning Confidentiality and Secrecy of Court Proceedings**

10     6.      The Brazilian legal system is of a civil law tradition, derived primarily from Roman

11 law and Germanic law.  As such, the Brazilian legal system is governed by an extensive legislative

12 framework.  Rules on the main areas of law are arranged in codes, which apply throughout Brazil.

13     7.      True to its civil law tradition, the Brazilian Arbitration Act governs arbitration

14 proceedings.  In relevant part, Article 22-C of the Brazilian Arbitration Act provides that arbitration

15 proceedings "shall be held under seal, as long as the confidentiality set forth in the arbitration is duly

16 evidenced." A certified English translation of Article 22-C of the Brazilian Arbitration Act is attached

17 hereto as **Exhibit 1**.

18     8.      The confidentiality of arbitration proceedings in Brazil is also protected in any related

19 judicial proceedings.  In this regard, Article 189 of the Brazilian Civil Procedure Code provides that

20 arbitration proceedings "shall be held under court seal . . . as long as the confidentiality set forth in the

21 arbitration is duly evidenced before the court." A certified English translation of Article 189 of the

22 Brazilian Civil Procedure Code is attached hereto as **Exhibit 2**.  Thus, only "the parties and their

23 attorneys" have "the right to access the records of a proceeding held under court seal and to request

24 certifications regarding the acts thereto." *Id.* And third-parties may only request access to proceedings

25

26 under seal if they demonstrate a "proven legal interest." *Id.*

27

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

9.      Pursuant to the above provisions, the Brazilian Judicial Proceeding was ordered to be held under seal and has remained under seal since its inception.

10.      In addition to the confidential nature of the confidentiality status of the Brazilian Judicial Proceeding, this Declaration accurately expresses my professional and academic experience in Brazilian law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 14th, 2019

Rodrigo Tannuri

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

3
DECLARATION OF RODRIGO TANNURI

Case No. 17-cv-06475-JD

47801620;1

# EXHIBIT 1

# Presidency of the Republic
## Chief of Staff Office
### Legal Matters Subdivision

**LAW No. 9,307, DATED SEPTEMBER 23, 1996.**

Provisions concerning arbitration

ARBITRAL LETTER

Article 22-C. The arbitrator or the arbitration tribunal may issue an arbitral letter so that the domestic jurisdictional entity may, within the area of its territorial jurisdiction, execute or enforce the action requested by the arbitrator.         (Included in Law No. 13,129, from 2015)                         (Status of validity)

Sole subsection. In enforcing the terms of the arbitral letter, the proceeding shall be held under seal, as long as the confidentiality set forth in the arbitration is duly evidenced.
     (Included in Law No 13,129, from 2015)                         (Status of validity)



# Presidência da República
## Casa Civil
### Subchefia para Assuntos Jurídicos

## LEI Nº 9.307, DE 23 DE SETEMBRO DE 1996.

Dispõe sobre a arbitragem.

**O PRESIDENTE DA REPÚBLICA** Faço saber que o Congresso Nacional decreta e eu sanciono a seguinte Lei:

Capítulo I

Disposições Gerais

Art. 1º As pessoas capazes de contratar poderão valer-se da arbitragem para dirimir litígios relativos a direitos patrimoniais disponíveis.

§ 1º A administração pública direta e indireta poderá utilizar-se da arbitragem para dirimir conflitos relativos a direitos patrimoniais disponíveis.         (Incluído pela Lei nº 13.129, de 2015)         (Vigência)

§ 2º A autoridade ou o órgão competente da administração pública direta para a celebração de convenção de arbitragem é a mesma para a realização de acordos ou transações.         (Incluído pela Lei nº 13.129, de 2015) (Vigência)

Art. 2º A arbitragem poderá ser de direito ou de eqüidade, a critério das partes.

§ 1º Poderão as partes escolher, livremente, as regras de direito que serão aplicadas na arbitragem, desde que não haja violação aos bons costumes e à ordem pública.

§ 2º Poderão, também, as partes convencionar que a arbitragem se realize com base nos princípios gerais de direito, nos usos e costumes e nas regras internacionais de comércio.

§ 3º A arbitragem que envolva a administração pública será sempre de direito e respeitará o princípio da publicidade.         (Incluído pela Lei nº 13.129, de 2015)         (Vigência)

Capítulo II

Da Convenção de Arbitragem e seus Efeitos

Art. 3º As partes interessadas podem submeter a solução de seus litígios ao juízo arbitral mediante convenção de arbitragem, assim entendida a cláusula compromissória e o compromisso arbitral.

Art. 4º A cláusula compromissória é a convenção através da qual as partes em um contrato comprometem-se a submeter à arbitragem os litígios que possam vir a surgir, relativamente a tal contrato.

§ 1º A cláusula compromissória deve ser estipulada por escrito, podendo estar inserta no próprio contrato ou em documento apartado que a ele se refira.

§ 2º Nos contratos de adesão, a cláusula compromissória só terá eficácia se o aderente tomar a iniciativa de instituir a arbitragem ou concordar, expressamente, com a sua instituição, desde que por escrito em documento anexo ou em negrito, com a assinatura ou visto especialmente para essa cláusula.

§ 3º (VETADO).         (Incluído pela Lei nº 13.129, de 2015)         (Vigência)

§ 4º (VETADO).         (Incluído pela Lei nº 13.129, de 2015)         (Vigência)

L9307

CAPÍTULO IV-B
(Incluído pela Lei nº 13.129, de 2015)        (Vigência)

DA CARTA ARBITRAL

Art. 22-C.  O árbitro ou o tribunal arbitral poderá expedir carta arbitral para que o órgão jurisdicional nacional pratique ou determine o cumprimento, na área de sua competência territorial, de ato solicitado pelo árbitro.        (Incluído pela Lei nº 13.129, de 2015)        (Vigência)

Parágrafo único.  No cumprimento da carta arbitral será observado o segredo de justiça, desde que comprovada a confidencialidade estipulada na arbitragem.        (Incluído pela Lei nº 13.129, de 2015)        (Vigência)

Capítulo V

Da Sentença Arbitral

Art. 23. A sentença arbitral será proferida no prazo estipulado pelas partes. Nada tendo sido convencionado, o prazo para a apresentação da sentença é de seis meses, contado da instituição da arbitragem ou da substituição do árbitro.

~~Parágrafo único. As partes e os árbitros, de comum acordo, poderão prorrogar o prazo estipulado.~~

§ 1º Os árbitros poderão proferir sentenças parciais.        (Incluído pela Lei nº 13.129, de 2015) (Vigência)

§ 2º As partes e os árbitros, de comum acordo, poderão prorrogar o prazo para proferir a sentença final.        (Incluído pela Lei nº 13.129, de 2015)        (Vigência)

Art. 24. A decisão do árbitro ou dos árbitros será expressa em documento escrito.

§ 1º Quando forem vários os árbitros, a decisão será tomada por maioria. Se não houver acordo majoritário, prevalecerá o voto do presidente do tribunal arbitral.

§ 2º O árbitro que divergir da maioria poderá, querendo, declarar seu voto em separado.

~~Art. 25. Sobrevindo no curso da arbitragem controvérsia acerca de direitos indisponíveis e verificando-se que de sua existência, ou não, dependerá o julgamento, o árbitro ou o tribunal arbitral remeterá as partes à autoridade competente do Poder Judiciário, suspendendo o procedimento arbitral.~~        (Revogado pela Lei nº 13.129, de 2015) (Vigência)
~~Parágrafo único. Resolvida a questão prejudicial e juntada aos autos a sentença ou acórdão transitados em julgado, terá normal seguimento a arbitragem.~~        (Revogado pela Lei nº 13.129, de 2015)        (Vigência)

Art. 26. São requisitos obrigatórios da sentença arbitral:

I - o relatório, que conterá os nomes das partes e um resumo do litígio;

II - os fundamentos da decisão, onde serão analisadas as questões de fato e de direito, mencionando-se, expressamente, se os árbitros julgaram por equidade;

III - o dispositivo, em que os árbitros resolverão as questões que lhes forem submetidas e estabelecerão o prazo para o cumprimento da decisão, se for o caso; e

IV - a data e o lugar em que foi proferida.

Parágrafo único. A sentença arbitral será assinada pelo árbitro ou por todos os árbitros. Caberá ao presidente do tribunal arbitral, na hipótese de um ou alguns dos árbitros não poder ou não querer assinar a sentença, certificar tal fato.

Art. 27. A sentença arbitral decidirá sobre a responsabilidade das partes acerca das custas e despesas com a arbitragem, bem como sobre verba decorrente de litigância de má-fé, se for o caso, respeitadas as disposições da convenção de arbitragem, se houver.

# protranslating

## CERTIFICATE OF ACCURACY

The undersigned, **Colin Klevan**, Vice President of Operations of ProTranslating, appearing on behalf of ProTranslating, an ISO 9001 certified company, hereby states, to the best of his knowledge and belief, that the foregoing is an accurate **translation** from Portuguese into English of the document(s) titled

-Brazilian Arbitration Act-Highlighted for Translation
-Brazilian Civil Procedure Code -Highlighted for Translation

_____
Colin Klevan
Vice President of Operations, ProTranslating

State of Florida
County of Dade
The foregoing certificate was acknowledged before me on this 4th day of February, 2019, by Colin Klevan, Vice President of Operations of ProTranslating, a Florida corporation, on behalf of the corporation he is personally known to me.

_____
Notary Public

My commission expires:



ANGELA C. ZARAGOZA
Notary Public · State of Florida
Commission # FF 966672
My Comm. Expires Mar 2, 2020
Bonded through National Notary Assn.



# EXHIBIT 2

**Presidency of the Republic**
**Chief of Staff Office**
**Legal Matters Subdivision**

**LAW No. 13,105, DATED MARCH 16, 2015.**

Civil Procedure Code

Article 189. The proceedings shall be public; however, the following proceedings shall be held under court seal:

I - in which the public or societal interest so requires;

II — in which the subject matter is marriage, de facto separation, divorce, separation, common law marriage, filiation, support and custody of children and adolescents;

III — involving data protected by the constitutional right to privacy;

IV — concerning arbitration, including enforcement of arbitral letter, as long as the confidentiality set forth in the arbitration is duly evidenced before the court.

§ 1— The right to access the records of a proceeding held under court seal and to request certifications regarding the acts thereto is restricted to the parties and their attorneys in fact.

§ 2 — Third parties with a proven legal interest may request the court to provide certification of the operative portion of the decision, as well as inventory and distribution of assets resulting from divorce or separation.

L13105



# Presidência da República
## Casa Civil
### Subchefia para Assuntos Jurídicos

### LEI Nº 13.105, DE 16 DE MARÇO DE 2015.

Mensagem de veto

Vigência

Código de Processo Civil.

**A PRESIDENTA DA REPÚBLICA** Faço saber que o Congresso Nacional decreta e eu sanciono a seguinte Lei:

PARTE GERAL

LIVRO I

DAS NORMAS PROCESSUAIS CIVIS

TÍTULO ÚNICO

DAS NORMAS FUNDAMENTAIS E DA APLICAÇÃO DAS NORMAS PROCESSUAIS

CAPÍTULO I

DAS NORMAS FUNDAMENTAIS DO PROCESSO CIVIL

Art. 1º O processo civil será ordenado, disciplinado e interpretado conforme os valores e as normas fundamentais estabelecidos na Constituição da República Federativa do Brasil, observando-se as disposições deste Código.

Art. 2º O processo começa por iniciativa da parte e se desenvolve por impulso oficial, salvo as exceções previstas em lei.

Art. 3º Não se excluirá da apreciação jurisdicional ameaça ou lesão a direito.

§ 1º É permitida a arbitragem, na forma da lei.

§ 2º O Estado promoverá, sempre que possível, a solução consensual dos conflitos.

§ 3º A conciliação, a mediação e outros métodos de solução consensual de conflitos deverão ser estimulados por juízes, advogados, defensores públicos e membros do Ministério Público, inclusive no curso do processo judicial.

Art. 4º As partes têm o direito de obter em prazo razoável a solução integral do mérito, incluída a atividade satisfativa.

Art. 5º Aquele que de qualquer forma participa do processo deve comportar-se de acordo com a boa-fé.

Art. 6º Todos os sujeitos do processo devem cooperar entre si para que se obtenha, em tempo razoável, decisão de mérito justa e efetiva.

Art. 7º É assegurada às partes paridade de tratamento em relação ao exercício de direitos e faculdades processuais, aos meios de defesa, aos ônus, aos deveres e à aplicação de sanções processuais, competindo ao juiz zelar pelo efetivo contraditório.

Art. 8º Ao aplicar o ordenamento jurídico, o juiz atenderá aos fins sociais e às exigências do bem comum, resguardando e promovendo a dignidade da pessoa humana e observando a proporcionalidade, a razoabilidade, a legalidade, a publicidade e a eficiência.

Art. 9º Não se proferirá decisão contra uma das partes sem que ela seja previamente ouvida.

L13105

Art. 189.  Os atos processuais são públicos, todavia tramitam em segredo de justiça os processos:

I - em que o exija o interesse público ou social;

II - que versem sobre casamento, separação de corpos, divórcio, separação, união estável, filiação, alimentos e guarda de crianças e adolescentes;

III - em que constem dados protegidos pelo direito constitucional à intimidade;

IV - que versem sobre arbitragem, inclusive sobre cumprimento de carta arbitral, desde que a confidencialidade estipulada na arbitragem seja comprovada perante o juízo.

§ 1º O direito de consultar os autos de processo que tramite em segredo de justiça e de pedir certidões de seus atos é restrito às partes e aos seus procuradores.

§ 2º O terceiro que demonstrar interesse jurídico pode requerer ao juiz certidão do dispositivo da sentença, bem como de inventário e de partilha resultantes de divórcio ou separação.

Art. 190.  Versando o processo sobre direitos que admitam autocomposição, é lícito às partes plenamente capazes estipular mudanças no procedimento para ajustá-lo às especificidades da causa e convencionar sobre os seus ônus, poderes, faculdades e deveres processuais, antes ou durante o processo.

Parágrafo único.  De ofício ou a requerimento, o juiz controlará a validade das convenções previstas neste artigo, recusando-lhes aplicação somente nos casos de nulidade ou de inserção abusiva em contrato de adesão ou em que alguma parte se encontre em manifesta situação de vulnerabilidade.

Art. 191.  De comum acordo, o juiz e as partes podem fixar calendário para a prática dos atos processuais, quando for o caso.

§ 1º O calendário vincula as partes e o juiz, e os prazos nele previstos somente serão modificados em casos excepcionais, devidamente justificados.

§ 2º Dispensa-se a intimação das partes para a prática de ato processual ou a realização de audiência cujas datas tiverem sido designadas no calendário.

Art. 192.  Em todos os atos e termos do processo é obrigatório o uso da língua portuguesa.

Parágrafo único.  O documento redigido em língua estrangeira somente poderá ser juntado aos autos quando acompanhado de versão para a língua portuguesa tramitada por via diplomática ou pela autoridade central, ou firmada por tradutor juramentado.

### Seção II

### Da Prática Eletrônica de Atos Processuais

Art. 193.  Os atos processuais podem ser total ou parcialmente digitais, de forma a permitir que sejam produzidos, comunicados, armazenados e validados por meio eletrônico, na forma da lei.

Parágrafo único.  O disposto nesta Seção aplica-se, no que for cabível, à prática de atos notariais e de registro.

Art. 194.  Os sistemas de automação processual respeitarão a publicidade dos atos, o acesso e a participação das partes e de seus procuradores, inclusive nas audiências e sessões de julgamento, observadas as garantias da disponibilidade, independência da plataforma computacional, acessibilidade e interoperabilidade dos sistemas, serviços, dados e informações que o Poder Judiciário administre no exercício de suas funções.

Art. 195.  O registro de ato processual eletrônico deverá ser feito em padrões abertos, que atenderão aos requisitos de autenticidade, integridade, temporalidade, não repúdio, conservação e, nos casos que tramitem em segredo de justiça, confidencialidade, observada a infraestrutura de chaves públicas unificada nacionalmente, nos termos da lei.

Art. 196.  Compete ao Conselho Nacional de Justiça e, supletivamente, aos tribunais, regulamentar a prática e a comunicação oficial de atos processuais por meio eletrônico e velar pela compatibilidade dos sistemas, disciplinando a incorporação progressiva de novos avanços tecnológicos e editando, para esse fim, os atos que forem necessários, respeitadas as normas fundamentais deste Código.

**protranslating**

## CERTIFICATE OF ACCURACY

The undersigned, **Colin Klevan**, Vice President of Operations of ProTranslating, appearing on behalf of ProTranslating, an ISO 9001 certified company, hereby states, to the best of his knowledge and belief, that the foregoing is an accurate **translation** from _Portuguese_ into _English_ of the document(s) titled

-Brazilian Arbitration Act-Highlighted For Translation
-Brazilian Civil Procedure Code —Highlighted For Translation

_____
Colin Klevan
Vice President of Operations, ProTranslating

State of Florida
County of Dade
The foregoing certificate was acknowledged before me on this ___4th___ day of
___February___, ___2019___, by Colin Klevan, Vice President of Operations of ProTranslating, a Florida corporation, on behalf of the corporation he is personally known to me.

_____
Notary Public

My commission expires:



ANGELA C. ZARAGOZA
Notary Public · State of Florida
Commission # FF 966672
My Comm. Expires Mar 2, 2020
Bonded through National Notary Assn.



## DECLARATION OF MARK RIERA

I, Mark Riera, declare as follows:

1.      I am an attorney at law duly admitted to practice before the United States District Court for the Northern District of California. I am a partner in the law firm of Akerman LLP and am counsel of record for defendant Gazeus Games Serviços de Internet S.A., successor by merger to Gazeus Negocios de Internet S.A. and Gazzag Serviços de Internet Ltda.

2.  I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently thereto.   True and correct copies of the following documents are attached hereto:

Exhibit "A" Letter Dated November 30, 2018 to Keith Wesley, counsel for plaintiffs Zithromia Ltd., et al., concerning their request for informal discovery; and

Exhibit "B" Defendant's Supplemental Response to Request for production of Documents on Jurisdictional Issues.

I declare under penalty of perjury pursuant to the laws of United States that the foregoing is true and correct.

Executed this 14th day of February 2019 at Los Angeles, California.

_____
Mark Riera

# EXHIBIT A

# akerman

Mark Riera

Akerman LLP
601 West Fifth Street
Suite 300
Los Angeles, CA  90071

T: 213 688 9500
F: 213 627 6342

November 30, 2018

Keith Wesley, Esq.
Brown George Ross LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA  90067

**Re:** **Zithromia Limited, et al. v. Gazeus Negoçios de Internet S.A., et al.**

Dear Keith:

Apologies for the delay in getting back to you on your request for documents and information on Gazeus Games Serviços de Internet Ltda.'s position on the lawsuit.  Gazeus's position is that it is not subject to general jurisdiction in California, nor has it done anything to subject itself to specific jurisdiction in the Northern District of California.  Until the Court rules on the pending Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction and lifts the stay, it is not advisable for Gazeus to participate in discovery, whether formal or informal.

Zithromia and its related companies apparently are Cypriot citizens that have no connection to California other than their sale of mobile game applications worldwide.  Gazeus has no connection to California either.  Zithromia seeks an order invalidating an arbitration order Gazeus obtained in a confidential proceeding against its former chief executive officer in Brazil. Gazeus has taken no position against Zithromia and does not plan to unless and until its Motion to Dismiss is denied and all avenues of appeal have been exhausted.

While jurisdictional discovery can be ordered, there has not been any such order entered here. To the contrary, Judge Donato stayed the case and told the parties not to make Rule 26 disclosures.  Even where appropriate, jurisdictional discovery generally is limited to specific facts bearing directly on jurisdiction.  See, e.g., Gillespie v. Prestige Royal Liquors Corp., 183 F.Supp. 3d 996 (N.D. Cal. 2016).

Zithromia's various requests for documents and information presuppose Gazeus has undertaken some campaign against Zithromia.  All that we know is that Zithromia sought information from the 5th Business Court in Brazil about the arbitration and the Brazilian court denied the request because Zithromia had no cognizable interest in the matter.  Apple apparently made its own decision not to offer FM Games apps through the iTunes store based on the arbitration order.  If Zithromia contends this was inappropriate, Zithromia may want to take that up with Apple.

Keith Wesley, Esq.
November 30, 2018
Page 2

_____

Zithromia will reserve all objections to specific requests but notes that requests seeking all discussions of FM Games or FM Games apps and all download and revenue figures for Gazeus apps are overbroad and unduly invasive.

I remain open to discussing Zithromia's proposals for resolution of the dispute but continue to think that our prospects for a negotiated resolution of this matter are best after a decision on the Motion to Dismiss.

I understand if your client wants to take this up with Magistrate Judge Ryu and request that we schedule a time with the Court convenient to both sides.

Best wishes to you and yours for a happy and healthy Holiday Season.

Sincerely,

Mark Riera
Partner

MR:hesp

# EXHIBIT B

**AKERMAN LLP**
MARK RIERA (SBN 118238)
HALEY C. GREENBERG (SBN 307475)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email: mark.riera@akerman.com
        haley.greenberg@akerman.com

Attorneys for Defendants GAZEUS NEGOCIOS DE INTERNET SA and
GAZZAG SERVIÇOS DE INTERNET LTDA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZITHROMIA LIMITED; ANTRIMIA LIMITED; SHOZILA LIMITED; ALIZOHA LIMITED; SPEAKATI LIMITED; PARCONIA IMITED dba FM GAMES<br><br>Plaintiffs,<br><br>v.<br><br>GAZEUS NEGOCIOS DE INTERNET SA AND GAZZAG SERVIÇOS DE INTERNET LTDA,<br><br>Defendants. | Case No. 17-cv-06475-JD<br><br>Judge: Hon. James Donato<br>Complaint Filed: November 7, 2018<br>Trial Date: None<br><br>**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS ON JURISDICTIONAL ISSUES, SET ONE** |

PROPOUNDING PARTY:    Plaintiffs Zithromia Limited, Antrimia Limited, Shozila Limited, Alizoha Limited, Speakati Limited, and Parconia Limited

RESPONDING PARTIES:    Defendants Gazeus Negocios de Internet SA and Gazzag Serviços de Internet LTDA[1]

SET NO.:                      ONE

Gazeus hereby submits its supplemental responses to Plaintiffs' Requests for Production of Documents on Jurisdictional Issues, Set Number One, as follows:

---

[1] In November of 2017, Gazeus Negocios de Internet SA and Gazzag Serviços de Internet LTDA. (collectively, "Gazeus") were combined into Gazeus Games Serviços de Internet S.A. This Response is submitted on behalf of both Defendants.

**AKERMAN LLP**
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## PRELIMINARY STATEMENT

Gazeus offers this general response, which shall apply to each and every response given herein, and shall be incorporated by reference as though set forth in each of Gazeus' responses.

Gazeus has not yet completed its investigation and discovery of the facts relating to this action, has not yet completed its analysis in this action, and has not completed its preparation for trial. All of the responses contained herein are based only upon information presently available to and specifically known by Gazeus. It is anticipated that further discovery and independent investigation, legal research and analysis of existing discovery may supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, modifications to and variations from the responses set forth herein.

Gazeus' responses herein are given without prejudice to Gazeus' right to produce evidence of any subsequently discovered facts or documents which Gazeus may later recall or discover. Gazeus accordingly reserves the right to supplement any and all responses herein, as well as the right to introduce admissible evidence at trial, as additional facts, documents and evidence are ascertained, analysis are made, legal research is completed, documents are discovered, and contentions are investigated. Gazeus has made a diligent search and inquiry along with reasonable efforts to fully and accurately respond to Plaintiffs' requests, based upon the information in its possession, custody, and control. However, Gazeus' responses herein should in no way be construed to prejudice Gazeus' right to further discovery, research or analysis.

## GENERAL OBJECTIONS

Gazeus' general objections are defined and set forth below, shall apply to each and every response given herein to Plaintiffs' Requests for Production of Documents, and shall be incorporated by reference as though fully set forth in each of Gazeus' responses:

    1.    Gazeus objects to the extent that any request seeks information which is not relevant to

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

jurisdictional issues, any party's claim or defense, and not calculated to lead to the discovery of admissible evidence.

2.      Gazeus objects to the extent that any request might be construed to request attorney/client communications, information about attorney notes, research, and other privileged attorney work product or information protected by Federal Rule of Evidence 408.

3.      Gazeus objects to the extent that any request constitutes an unwarranted intrusion, invasion, and/or infringement of rights to privacy set forth under applicable law.

4.      Gazeus objects to any preface to any request which attempts to impose requirements not required by Federal Rules of Civil Procedure 26 and 34, and other applicable discovery statutes.

5.      Gazeus objects to the extent that any request is vague, ambiguous, unintelligible, indefinite as to time, or insufficiently identifies or describes the information requested.

6.      Gazeus objects to the extent that any request is overbroad, burdensome, oppressive, and/or places more burden on Gazeus than the value of the information warrants.

7.      Gazeus objects to the extent that any request seeks disclosure of its business and proprietary information, trade secrets and confidential information or confidential financial information.

8.      Gazeus objects to the extent that any request seeks nonpublic personal information of a consumer pursuant to 15 U.S.C. § 6801 *et seq.* or in violation of the Privacy Act.

9.      Gazeus objects to the extent that any request seeks information located in public records, or which are equally available to Plaintiffs.

10.     Gazeus objects to the extent that any request that seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV.  Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Without waiving or limiting any of these general objections, and subject to each of these

2    objections, Gazeus responds as follows:

3    **RESPONSES TO REQUESTS FOR PRODUCTION**

4    **REQUEST FOR PRODUCTION NO. 1:**

5        All arbitration awards issued or entered in the BRAZILIAN PROCEEDINGS.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7        Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not

8

9    proportional to the needs of this case on the basis that this request seeks documents unrelated to the

10   jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d

11   996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63].  Gazeus

12   further objects to this request on grounds it seeks confidential documents protected from disclosure by

13   the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV.

14   Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth

15   Business Court denied for lack of a suitable legal interest.   Gazeus does not have any documents

16

17   responsive to this request in its possession, custody, or control.

18   **REQUEST FOR PRODUCTION NO. 2:**

19       All orders issued or entered in the BRAZILIAN PROCEEDINGS.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

21       Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not

22

23   proportional to the needs of this case on the basis that this request seeks documents unrelated to the

24   jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d

25   996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63].  Gazeus

26   further objects to this request on grounds it seeks confidential documents protected from disclosure by

27   the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV.

28

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.   Gazeus will produce responsive, non-privileged documents that it has been able to locate in its possession, custody, or control that concern Zithromia Limited, Antrimia Limited, Shozila Limited, Alizoha Limited, Speakati Limited, and Parconia Limited ("FM Games").

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS with APPLE relating to or concerning the BRAZILIAN PROCEEDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Gazeus does not have any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS with APPLE relating to or concerning PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Gazeus objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV.  Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.  Gazeus does not have any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS with APPLE relating to or concerning PLAINTIFFS' APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Gazeus does not have any documents responsive to this request in its possession, custody, or control.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL. (213) 688-9500 – FAX: (213) 627-6342

47808291;1

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS relating to, concerning, constituting, or evidencing any COMMUNICATIONS with APPLE relating to or concerning the BRAZILIAN PROCEEDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Gazeus objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest. Gazeus does not have any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS relating to, concerning, constituting, or evidencing any COMMUNICATIONS with APPLE relating to or concerning PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest. Gazeus does not have any documents responsive to this request in its possession, custody, or control.

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS ON JURISDICTIONAL ISSUES, SET ONE**

47808291;1

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS relating to, concerning, constituting, or evidencing any COMMUNICATIONS with APPLE relating to or concerning PLAINTIFFS' APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.  Gazeus does not have any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS relating to or concerning both APPLE and PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.  Gazeus does not have any documents

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL. (213) 688-9500 – FAX (213) 627-6342

1  responsive to this request in its possession, custody, or control.

2  **REQUEST FOR PRODUCTION NO. 10:**

3  All DOCUMENTS relating to or concerning both APPLE and PLAINTIFFS' APPS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

5  Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not

6  proportional to the needs of this case on the basis that this request seeks documents unrelated to the

7  jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d

8  996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus

9  further objects to this request on grounds it seeks confidential documents protected from disclosure by

10 the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV.

11 Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth

12 Business Court denied for lack of a suitable legal interest.  Gazeus does not have any documents

13 responsive to this request in its possession, custody, or control.

14 **REQUEST FOR PRODUCTION NO. 11:**

15 All   DOCUMENTS   relating   to,   concerning,   constituting,   or   evidencing   any

16 COMMUNICATIONS between APPLE and the arbitrators in the BRAZILIAN PROCEEDINGS.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

18 Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not

19 proportional to the needs of this case on the basis that this request seeks documents unrelated to the

20 jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d

21 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus

22 further objects to this request on grounds it seeks confidential documents protected from disclosure by

23 the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV.

24 Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth

8

Business Court denied for lack of a suitable legal interest.  Gazeus does not have any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS relating to, concerning, constituting, or evidencing any COMMUNICATIONS of the arbitrators in the BRAZILIAN PROCEEDINGS relating to or concerning PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS relating to, concerning, constituting, or evidencing any COMMUNICATIONS of the arbitrators in the BRAZILIAN PROCEEDINGS relating to or concerning PLAINTIFFS' APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

further objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS relating to, concerning, constituting, or evidencing DEFENDANTS' request or direction to the arbitrators in the BRAZILIAN PROCEEDINGS to COMMUNICATE with APPLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g.*, *Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.  Gazeus does not have any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS relating to, concerning, constituting, or evidencing DEFENDANTS' request or direction to the arbitrators in the BRAZILIAN PROCEEDINGS to COMMUNICATE with any third party concerning PLAINTIFFS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS ON JURISDICTIONAL ISSUES, SET ONE**

47808291;1

proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest. Gazeus does not have any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS relating to, concerning, constituting, or evidencing DEFENDANTS' request or direction to the arbitrators in the BRAZILIAN PROCEEDINGS to COMMUNICATE with any third party concerning PLAINTIFFS' APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest. Gazeus does not have any documents responsive to this request in its possession, custody, or control.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

47808291;1

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS concerning, relating to, evidencing, or constituting take-down notices sent under the Digital Millennium Copyright Act concerning or relating to PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest. Gazeus does not have any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS concerning, relating to, evidencing, or constituting take-down notices sent under the Digital Millennium Copyright Act concerning or relating to PLAINTIFFS' APPS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63]. Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Business Court denied for lack of a suitable legal interest.  Gazeus does not have any documents

responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS relating to or concerning YOUR statement, in the Motion to Dismiss (Dkt. No. 32), that "the court in Brazil issued and served the take down notice."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63].  Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV. Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS relating to or concerning YOUR statement, in the Opposition to the Motion for Partial Summary Judgment (Dkt. No. 47), that "Apple is aware of the 5th Business Court Order and chose not to offer FM Games' mobile games for sale."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case on the basis that this request seeks documents unrelated to the jurisdictional issues in this case. *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d 996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63].  Gazeus further objects to this request on grounds it seeks confidential documents protected from disclosure by

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

13                                  Case No. 17-cv-06475-JD

47808291;1

the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV.

Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth

Business Court denied for lack of a suitable legal interest.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS demonstrating how APPLE became aware of or knew about any order or

decision made in the BRAZILIAN PROCEEDINGS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Gazeus objects to this request on grounds it seeks confidential documents protected from

disclosure by the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code,

Article 189, IV.  Plaintiffs previously sought disclosure of confidential documents which the Rio de

Janeiro Fifth Business Court denied for lack of a suitable legal interest.  Gazeus does not have any

documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS identified or referred to in YOUR responses to the First Set of

Interrogatories served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Gazeus objects to this request as overbroad, unduly burdensome, irrelevant, and not

proportional to the needs of this case on the basis that this request seeks documents unrelated to the

jurisdictional issues in this case.  *See, e.g., Gillespie v. Prestige Royal Liquors Corp.*, 183 F. Supp. 3d

996 (N.D. Cal. 2016); *see also* December 5, 2018 Order re Personal Jurisdiction [ECF No. 63].  Gazeus

further objects to this request on grounds it seeks confidential documents protected from disclosure by

/ / /

/ / /

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Case No. 17-cv-06475-JD

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR
PRODUCTION OF DOCUMENTS ON JURISDICTIONAL ISSUES, SET ONE**

47808291;1

the Brazilian Arbitration Act, Article 22-C and the Brazilian Civil Procedure Code, Article 189, IV.

Plaintiffs previously sought disclosure of confidential documents which the Rio de Janeiro Fifth

Business Court denied for lack of a suitable legal interest.

Dated: February 14, 2019                              **AKERMAN LLP**

By: _____

                Mark Riera
                Attorneys for Defendants GAZEUS
                NEGOCIOS DE INTERNET SA and
                GAZZAG SERVIÇOS DE INTERNET
                LTDA

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL: (213) 688-9500 – FAX: (213) 627-6342

47808291;1

# PROOF OF SERVICE

    I am employed in the City and County of Los Angeles, California. I am over the age of 18 and not a party to the within action. My business address is 601 West Fifth Street, Suite 300, Los Angeles, CA 90071.

    On **February 14, 2019**, I served the following document(s) described as:

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS ON JURISDICTIONAL ISSUES, SET ONE**

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Keith J. Wesley<br>Lori Sambol Brody<br>BROWNE GEORGE ROSS LLP<br>2121 Avenue of the Stars, Suite 2800<br>Los Angeles, CA 90067 | Telephone: 310.274.7100<br>Facsimile: 310.275-5697<br>Email:<br>kwesley@bgrfirm.com<br>lbrody@bgrfirm.com | *Attorney for Plaintiffs*<br>*ZITHROMIA LIMITED;*<br>*ANTRIMIA LIMITED;*<br>*SHOZILA LIMITED;*<br>*ALIZOHA LIMITED;*<br>*SPEAKATI LIMITED;*<br>*PARCONIA LIMITED* |

☒    (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐    (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒    (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

    I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

    Executed on **February 14, 2019**, at Los Angeles, California.

| | |
|---|---|
| Helen E. Serrano-Port | *[Signature]* |
| (Type or print name) | (Signature) |

AKERMAN LLP<br>601 WEST FIFTH STREET, SUITE 300<br>LOS ANGELES, CALIFORNIA 90071<br>TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS ON JURISDICTIONAL ISSUES, SET ONE**

47808291;1