UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZITHROMIA LIMITED et al., <br> Plaintiffs, <br> v. <br> GAZEUS NEGOCIOS DE INTERNET SA et al., <br> Defendants. | Case No. 17-cv-06475-JD <br><br> **ORDER OF DISMISSAL** <br> Re: Dkt. No. 84 |

After the Court ordered discovery on the question of specific personal jurisdiction over defendant Gazeus in this district, Dkt. No. 63, plaintiff Zithromia filed an amended complaint, Dkt. No. 82. Zithromia has again failed to allege facts sufficient to plausibly demonstrate that the Court has personal jurisdiction over Gazeus. Nothing in the amended complaint, or the record as a whole before the Court, establishes any ties between the claims against Gazeus and defendant's conduct in this forum. Consequently, Gazeus's motion to dismiss is granted. Dkt. No. 84.

The Court assumes the parties' familiarity with the record and will not repeat the detailed discussion of the facts and governing case law in the prior order. After questioning whether personal jurisdiction over Gazeus could be shown in this district, the Court gave Zithromia free rein to look for evidence establishing a connection between Zithromia's claim of an improper infringement notice under the Digital Millennium Copyright Act, 17 U.S.C. § 512(f), and Gazeus's conduct in this forum. Dkt. No. 63 at 4-5. The discovery focused on Gazeus and non-party Apple Inc. because Zithromia's main case theory is that Gazeus got Apple to take down Zithromia's games from its platform in response to an arbitration award in Brazil. *See generally* Dkt. No. 82. Zithromia had more than 90 days to pursue the jurisdictional discovery, and did not ask to extend that time. In discovery dispute proceedings, the Court compelled Apple and Gazeus

to produce documents over their objections.  Dkt. No. 76.

Even so, Zithromia's work apparently did not yield anything to show a plausible basis for personal jurisdiction over Gazeus.  If Gazeus had communicated or interacted with Apple in this district as Zithromia contends, the discovery should have uncovered at least some evidence in the form of a letter or email, meeting notes, travel records, or a host of other possibilities.  But Zithromia has not proffered a single document or fact gleaned from discovery to support its allegation of personal jurisdiction.  It again relies only on conclusory statements made on information and belief, *see e.g.,* Dkt. No. 82 ¶¶ 24, 41, and other unsupported speculations about alleged jurisdictional ties to this forum.

That will not do.  In response to Gazeus's jurisdiction challenge, Zithromia had the burden of demonstrating with facts, in a manner consistent with *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780-81 (2017), and the other cases discussed in the prior order, that personal jurisdiction was present.  Dkt. No. 63 at 2-4; *see also Sharpe v. Puritan's Pride, Inc.*, No. 16-cv-06717-JD, 2019 WL188658, at *4-5 (N.D. Cal. Jan. 14, 2019).  It has not done so, and its exclusive reliance on Gazeus's general commercial conduct in California, or the foreseeability of alleged harm here, even if taken as true, do not cure this deficiency.  *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1778; *McDonald v. Kiloo APS*, 385 F. Supp. 3d 1022, 1041-42 (N.D. Cal. 2019).

In light of the opportunity for discovery and the fact that Zithromia has already amended the complaint once, the Court finds that further leave to amend is not warranted.  *Nguyen Gardner v. Chevron Capital Corp.*, No. 15-cv-01514-JD, 2016 WL 7888025, at *2 (N.D. Cal. July 19, 2016), *aff'd*, 715 F. App'x 737 (9th Cir. 2018) (unpublished).  The case is dismissed for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Dated:  November 21, 2019

JAMES DONATO
United States District Judge

2